**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

YONI LUIS MEJIA-MIGUEL

VERSUS

WARDEN JACKSON PARISH
CORRECTIONAL CENTER, ET AL.

CIVIL ACTION NO. 26-1509

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order (Record Document 2) filed by the habeas petitioner in this case, Yoni Luis Mejia-Miguel ("Petitioner").  Petitioner is a native and citizen of Guatemala who entered the United States in May 2019.  See id. at 2.  Upon entry, he was processed by immigration authorities and placed on an Order of Supervision.  See id. at 2-3.  He submits that he complied with all reporting requirements for seven years.  See id. at 3.  He also has a pending application for asylum.  See id.  On May 1, 2026, while at a scheduled ICE check-in appointment, he was taken into custody in Dover, Delaware.  See id.  He is currently detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana.  See id.

On May 8, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the legality of his continued detention without a prompt and meaningful bond hearing.  See Record Document 1 at 8.  He seeks immediate release or, alternatively, a prompt and individualized bond hearing before a neutral immigration judge.  See id.

In the instant Motion, which was filed in the same day as his Habeas Petition, Petitioner seeks an immediate temporary restraining order ("TRO") enjoining

Respondents from transferring him out of this district or removing him from the United States while his Habeas Petition is pending. See Record Document 2 at 2, 5. Additionally, while not explicitly stated, it appears Petitioner may also be seeking immediate release in his Habeas Petition because he references "the imminent and irreplaceable loss of seeing his son's First Communion," which was scheduled for May 9, 2026 – the day after he filed his Habeas Petition. Id. at 5.

Petitioner requests injunctive relief in the instant Motion. An applicant for a TRO must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Again, Petitioner seeks an immediate TRO enjoining Respondents from transferring him out of this district or removing him from the United Sates while his Habeas Petition is pending.  As to the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Petitioner stated in his Habeas Petition that to the best of his knowledge, he did not have a final order of removal. See Record Document 1-4 at 3.  Yet, he has requested an immediate TRO enjoining Respondents from removing him from the United States while his Habeas Petition is pending.  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request to enjoin Respondents from removing him from the United Sates while his Habeas Petition is pending.  See id.

3

Finally, as to any request for immediate release, such relief mirrors the relief requested in Petitioner's Habeas Petition.  In <u>Pema Sherpa v. Judith Almodovar, et al.</u>, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." <u>Lackey v. Stinnie</u>, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant TRO should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an improper effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief.  Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now.  <u>See</u> <u>Garcia-Aleman v. Thompson</u>, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Accordingly,

Petitioner's *Ex Parte* Application for Temporary Restraining Order (Record Document 2) is hereby **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of May, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE